Martin, J.
The proceedings before the county commissioners were for the improvement of a road pursuant to secs. 4829, et seq., Rev. Stats., commonly known as the two-mile assessment pike act. The petition was filed with the auditor on the 15th day of January, 1880; and the order of the commissioners directing the improvement to be made was entered on their records on the 4th day of March, 1880.
Before a contract for the improvement was made and before the appointment of a committee to assess the cost of construction, the statute under which the proceeding was brought was amended by the act of April 15th, 1880 (77 Ohio Law, 239). The amendment was of sec. 4842, which prescribes the rule to be observed by the committee of three freeholders in making an apportionment of the estimated expense upon the real property named in .the order.
In making the apportionment the committee applied the rule prescribed in the amendatory act. Their report with slight modifications was confirmed. The amount assessed against the lands of Greene was #280; and an installment thereof was on the driplicate in the hands of the treasurer when suit was brought.
It is admitted that the assessment is correct if the amendatory act is applicable to the proceedings. If not applicable, it is quite excessive. No other objection is taken to *320 the proceedings, and in all other respects they are admitted to be legal. Thus, the only question presented in the record is, does the amendatory act apply to the proceedings in question, which were pending at the time of its passage, and in which no apportionment of expenses had been made ? We answer in the affirmative.
Original section 4842 amongst other things directed the committee, in making the apportionment, to take into con sideration all previous assessments or special taxes made upon such property for the improvement of the same road. The amendment directs them to take into consideration all such assessments and taxes for the improvement of any road.
In this case some of the lands had been assessed for the improvement of an intersecting road. And under the amended act these latter would be proportionately relieved of the burden and the taxation of the unassessed lands correspondingly increased.
The amendatory act does not in express terms provide that it shall apply to pending proceedings. And for that reason it is claimed on behalf of Greene that, under section 79 Rev. Stats., it does not apply. That section reads:
“Sec. 79. Whenever a statute is repealed or amended such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy it shall not affect pending actions, prosecutions or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
The actions, prosecutions and proceedings referred to in the first clause of this section are such as are grounded on a cause of action which may survive a repeal of the act providing them. This is apparent from the other clause of the section relating to causes of such action, prosecution or proceeding. The proceeding referred to in the section is one provided for or relating to the enforcement of a cause of action existing before such proceeding was conimenced, *321 and capable of surviving a total repeal in general terms of the statute authorizing it.
It cannot be seriously claimed that the proceeding under review is of that description.
In our view the terms “ actions, prosecutions or proceedings ” are used in the statute with reference to judicial matters, and relate to the prosecution or defense of civil and criminal actions, and can have no just application to the statutory proceeding under consideration.
In the next place it is urged on behalf of the defendant in error that a construction which makes the amendment applicable to pending proceedings renders it retrospective, and in conflict with the provision of the constitution against retroactive laws. (Const., art. 2, sec. 28.) The legislature is not required to provide any particular proceedings as a pre-requisite to conferring jurisdiction on the county commissioners. The constitution commits the entire subject to its discretion; and it may resort to any arbitrary mode. The commissioners ordered the improvement in strict con-, formity to the statute, and acquired full jurisdiction over the subject.
What remained to be done was the letting and supervision of the work and the apportionment of the expenses. These were simply public duties. No reason is apparent why the prescribed mode and rule of their performance is not subject to legislative modification and control. The change brought about by the amendment related solely to the apportionment of the taxes. It operated on the same lands and affected the same persons. It was purely remedial in its operation on pending proceedings.
Our supreme court have repeatedly in well considered adjudications announced as a settled rule that a statute simply remedial in its nature is not within the mischiefs intended to be guarded against by the constitutional inhibition against retroactive laws, and is not in conflict therewith.
It follows that the judgment of the district court was erroneous.

Judgment reversed,.